# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| STEPHANIE DANIEL | } | CASE NO. 08-81863-JAC-13 |
| SSN: XXX-XX-6494 | } | CHAPTER 13 |
| Debtor(s). | } | |
| | | |
| STEPHANIE DANIEL | } | AP NO. 08-80106-JAC-13 |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| FANNIE MAE CORP. | } | |
| Defendant(s). | } | |

## MEMORANDUM OPINION

On June 30, 2008 the debtor, Stephanie Daniel, filed the above styled adversary proceeding to set aside the pre-petition foreclosure sale of the debtor's primary residence on the grounds that same was defective in that the sale did not conform to Alabama's notice requirements. On September 9, 2008, this case came before the Court on the defendant's motion for summary judgment. Defendant argues that the debtor's claims are due to be dismissed as a matter of law because the notice of foreclosure sale tracked the language of the applicable statue setting out the notice requirements for foreclosure sales in Alabama and the debtor has failed to present any evidence that the notice resulted in any confusion or prejudice to the debtor or potential bidders.

Summary judgment is proper under Fed.R.Civ.P. 56(c), made applicable to adversary proceedings in bankruptcy cases by Bankr. R. 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] "'In making this determination, the court must view all evidence and make all reasonable

---

[1] *Gray v. Manklow (In re Optical Technologies, Inc.)*, 246 F.3d 1332, 1334 (11th Cir. 2001)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

inferences in favor of the party opposing summary judgment.'"[2] "'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'"[3] Upon due consideration of the relevant law, pleadings and the parties' respective submissions, the Court is of the opinion that defendant's motion for summary judgment is due to be granted.

Ala. Code § 35-10-14 governs the place and time for conducting foreclosures by power of sale:

The power to sell lands under this article must be exercised at the appropriate courthouse door considered the front or main door to the courthouse, of the county where the mortgaged land or a substantial and material part thereof, is located.

The sale shall be held between the hours of 11 A.M. and 4 P.M. on the day designated for the exercise of the power to sell the land.

In the complaint, the debtor's only objection to the foreclosure sale notice is that while the foreclosure sale notice provided that the place of sale would be "before the main entrance of the Lauderdale County Courthouse in the City of Florence, " there is no "main entrance" to the courthouse. The debtor alleges that there are four public entrances to the Lauderdale County Courthouse and the "front center entrance" which is where the foreclosure sale took place is the least used. Debtor alleges that the failure to hold the sale at the door where the most people come in and out constituted a failure to comply with Alabama's notice statute which should invalidate the sale. In further response to the motion for summary judgment, debtor argues that while the defendant tracked the statute to the extent of specifying the "main entrance," defendant failed to mention the front door.

---

[2] *Gray v. Manklow (In re Optical Technologies, Inc.)*, 246 F.3d 1332, 1334 (11th Cir. 2001)(quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (citation omitted)).

[3] *Gray v. Manklow (In re Optical Technologies, Inc.)*, 246 F.3d 1332, 1334 (11th Cir. 2001)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

Case 08-81863-JAC7    Doc 41    Filed 09/17/08    Entered 09/17/08 15:26:17    Desc Main
Document      Page 2 of 4

Ala. Code § 35-10-14 provides that the power to sell lands must be exercised at the "appropriate courthouse door" and further defines same as either the "front *or* main door."[4] In support of its motion for summary judgment, the defendant filed the affidavit of Joe H. Yates, Esq., the attorney who conducted the foreclosure sale of the subject property on May 29, 2008. Yates explains in the affidavit that he conducted the foreclosure sale on the front door of the courthouse:

> On May 29, 2008, I conducted the foreclosure sale on the front door of the Lauderdale County Courthouse in accordance with the Mortgage and Notice of Foreclosure Sale advertised in the Times Daily, Florence, Alabama on May 6, 2008, May 13, 2008, and May 20, 2008. The front door is located on the entrance to the Courthouse which fronts Court Street. I have been conducting foreclosures in Lauderdale County, Alabama for approximately 30 years, and the door to which this foreclosure sale took place is the door where all such sales take place in Lauderdale County.

The Court notes that the debtor has not alleged that she nor any one else attempted to attend the foreclosure sale and was unable to do so because they could not find the "front or main door" of the Lauderdale County Courthouse. The Court also notes that even the debtor in her amended complaint described the door used for the foreclosure sale as the "front center entrance" which "is the most prominent" entrance. The facts of this case being undisputed, the Court finds that the notice of foreclosure sale was sufficient and complied with applicable Alabama law. As required by Ala. Code § 35-10-13 the notice gave the time, place and terms of the sale and the sale was conducted at the front or main door of the Lauderdale County Courthouse where all such sales take place in Lauderdale County.

Although not alleged in the complaint, in the response to the defendant's motion for summary judgment the debtor further argued that the notice was false and misleading to the extent that the notice provided that the sale would be sold to the highest bidder "for cash" while the lender purchased the property at the sale by credit bid. In support of her argument, the debtor submitted an affidavit in

---

[4] Ala. Code § 35-10-14 (1975)(emphasis added).

Case 08-81863-JAC7    Doc 41    Filed 09/17/08    Entered 09/17/08 15:26:17    Desc Main
Document      Page 3 of 4

which she stated that had she known that any terms except cash at the sale might be acceptable she "almost certainly could have gotten someone to bid more than the amount of the debt." The mortgage provided that in event the lender invoked the power of sale, the lender or its designee was authorized and empowered to purchase the property at the sale which is exactly what happened. The Court finds the debtor's argument to be meritless given the debtor's own admission that the use of the phrase "for cash . . . is exactly what is said in every foreclosure notice."

The Court having found that the foreclosure sale notice was sufficient and complied with applicable Alabama law finds that the stay is due to be lifted on this property in conformity with the Eleventh Circuit's decision in *Commercial Federal Mortgage Corp. v. Smith (In re Smith)*, 85 F.3d 1555)(11th Cir. 1996) in which the court of appeals held that a debtor could not cure its default under a mortgage and redeem his property following a prepetition foreclosure sale by paying the arrearage through the Chapter 13 plan and maintaining regular mortgage payments outside the plan. In this case the mortgage foreclosure sale took place on May 29, 2008 and the debtor filed her petition on June 23, 2008. The foreclosure sale having occurred before the petition date, the stay is due to be lifted as the debtor has not proposed in her plan to redeem the property.

Dated: September 17, 2008

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc: Debtor(s)
    Jack Long, attorney for plaintiff(s)
    Bowdy Brown, attorney for defendant(s)
    Stephen Porterfield, attorney for Fannie Mae
    trustee

4